UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LEWIS, CDCR #J-49028, <br><br> Plaintiff, <br><br> vs. <br><br> ALAN KHAN, <br><br> Defendant. | Case No.: 3:19-cv-1254-WQH-AHG <br><br> **ORDER:** <br><br> **(1) GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS [ECF Nos. 2, 4]; AND (2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C.9 § 1915(e)(2) AND § 1915A(b)(1)** |

Plaintiff Brian Lewis, an inmate currently incarcerated at Corcoran State Prison, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has also filed two Motions to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 2, 4.)

**I.  Motions to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

1

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether the action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation (CDCR) Inmate Statement Report. *See* ECF No. 4; 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff carried an average monthly balance of

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

$338.75, maintained $383.65 in average monthly deposits to his trust account for the six months preceding the filing of this action, and had an available balance of $192.44 to his credit at the time of filing. *See* ECF No. 4 at 6–7.

Therefore, the Court **GRANTS** the Motions to Proceed IFP (ECF Nos. 2, 4) and assesses the initial partial filing fee to be $76.73 pursuant to 28 U.S.C. § 1915(b)(1). The Court further directs the Secretary of the CDCR, or his designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, the Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon

which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Factual Allegations</u>

In 2015, Plaintiff was "housed at Richard J. Donovan Correctional Facility (RJD)." (Compl. at 3.) Defendant Khan is the "State Chaplain at RJD." *Id.* Khan was "appointed by Daniel Paramo, Warden of RJD, to be the staff head of the RJD Religious Meat Alternate Program (RMA)." *Id.* In 2014, Plaintiff was "elected to the RJD Men's Advisory Council (MAC)." *Id.*

Plaintiff alleges that in 2015, "RJD Facility A was experiencing food shortages in the culinary." *Id.* At the same time, "RJD MAC was receiving an abundance of complaints concerning the RJD RMA program." *Id.* Plaintiff claims that the "MAC executive body" determined that the "root of the food problems" was due to Khan purportedly "abdicat[ing] part of his duties as the RMA head to CDCR inmates." *Id.* Plaintiff alleges that Khan "was allowing inmates to add and delete inmates from the RMA." *Id.* The MAC chairman "sent a formal request to Warden Paramo to meet with the food manager concerning the RMA

4

issues." *Id.* at 4.

On March 1, 2015, Plaintiff "wrote a 'formal complaint' concerning Khan's handling of the RMA program." *Id.* Plaintiff included in the complaint claims that "inmates were waiting for their RMA ID for over 90 days and that the RMA count was inconsistent with the amount of religious meats received into the Facility A kitchen/culinary." *Id.*

On March 9, 2015, Plaintiff "reported to the RJD Facility A culinary to pick up his religious meal." *Id.* at 5. However, Plaintiff was "informed by the Food Service Supervisor that Khan had called to the culinary and said Plaintiff was to be removed from the list immediately." *Id.* Plaintiff "immediately filled out a CDCR Form 22 request for interview" seeking to find out "why he had been removed from the RMA list." *Id.* Two days later, Plaintiff "received a CDCR 3030-C Religious Diet Program Agreement Notice of Non Compliance from Khan." *Id.* Khan "removed Plaintiff from RMA for 6 months because Plaintiff had violated the terms of the contract that affords him a religious meal." *Id.* However, Plaintiff claims "he never violated the terms of the RMA agreement." *Id.*

Plaintiff filed a "staff complaint" against Khan due to this decision. *Id.* at 5–6. Plaintiff alleged that "Khan's allegations were false." *Id.* at 6. On May 2, 2015, R. Brown interviewed Plaintiff regarding his staff complaint and "told Plaintiff that Khan had removed Plaintiff from the RMA program without cause." *Id.* Brown "immediately" placed "Plaintiff back on the RMA list." *Id.*

Plaintiff seeks unspecified declaratory relief. *Id.* at 9.

C. <u>Statute of Limitations</u>

Plaintiff's claims arise from the time he was housed at RJD in March of 2015. *See* Compl. at 1.[2] "A claim may be dismissed [for failing to state a claim] on the ground that

---

[2] Plaintiff also sets forth a date of "5-17-17" for "Count 2." There are no factual allegations in the Complaint that refer to any incident occurring on May 17, 2017 and the Complaint does not contain a "Count 2."

5

it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (noting that where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as the plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (noting that court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because § 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing Cal. Civ. Proc. Code § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. Cal. Civ. Proc. Code § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005).

Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003, corresponding to a one-year limitations period and two years for statutory tolling, and four years for claims accruing thereafter, corresponding to a two-year limitations period plus two years for statutory tolling. In addition, the limitations period for prisoners is tolled while the "prisoner completes the mandatory exhaustion process." *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (noting that federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, Plaintiff's claims accrued in March of 2015. *See* Compl. at 1. Assuming Plaintiff is not serving a life sentence, he is entitled to an additional two years of statutory tolling pursuant to Cal. Civ. Proc. Code § 352.1(a). *Johnson*, 207 F.3d at 654; *see also Jones*, 393 F.3d at 928 n.5 (noting that "California courts have read out if the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling"). Consequently, on the face of the pleading, Plaintiff's claims fall outside California's two-year statute of limitations, even including all presumed periods of tolling provided by statute. *See Wallace*, 591 U.S. at 391; *Maldonado*, 370 F.3d at 955; Cal. Code Civ. Proc. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration).

Finally, Plaintiff's claims could be considered timely if he alleges facts sufficient to show the limitations period may be equitably tolled. *See Cervantes*, 5 F.3d at 1276–77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*,

7

3:19-cv-1254-WQH-AHG

192 F.3d at 914; *Bacon v. City of L.A.*, 843 F.2d 372, 374 (9th Cir.1988). Under California law, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 34 Cal. Rptr. 2d 175, 179 (Ct. App. 1994); *Addison v. State of Cal.*, 578 P.2d 941, 943 (Cal. 1978); *Fink*, 192 F.3d at 916.

In this case, Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling.[3] *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (noting that plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. Appx. 642, 643 (9th Cir. 2010).

Accordingly, the Court finds the running of the statute of limitations is apparent on the face of the Complaint. Plaintiff has failed to state a claim upon which §1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

F. <u>Duplicative Claims</u>

The Complaint states that Plaintiff brings this action pursuant to 42 U.S.C. § 1983 as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See* Compl. at 1.

These claims are duplicative of those Plaintiff previously raised in *Lewis v. Cates, et al.*, S.D. Civ. No. 3:15-cv-00791 DMS (MDD) (*Lewis I*). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir.

---

[3] As set forth below, Plaintiff was actively involved in litigation with Defendant Khan in a separate matter from 2015 to 2018. There are no facts from which the Court could determine that Plaintiff was diligently pursuing this claim.

2002)). A prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

In *Lewis I*, Plaintiff claimed RJD prison officials, including Defendant Khan, violated his rights under RLUIPA when they purportedly failed to provide him with religious meals. *See Lewis I*, ECF No. 1. Plaintiff litigated this matter with Defendant Khan until a settlement was entered between Plaintiff and Khan on December 29, 2017. *Id.*, ECF No. 38. A joint motion to dismiss the entire action with prejudice was granted on March 6, 2018. *Id.*, ECF No. 44.

Because Plaintiff already filed an action with claims identical to the claims presented in this case against the same defendant, the Court must dismiss the duplicative claims brought in this action pursuant to 28 U.S.C. § 1915(e) (2) & 1915A(b). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446.

**III. Conclusion and Order**

**IT IS HEREBY ORDERED** that:

1. The Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2, 4) are **GRANTED**.

2. The Secretary of the CDCR, or his designee, shall collect from Plaintiff's trust account the $76.73 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Ralph Diaz, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. The Complaint is **DISMISSED** for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint that cures all the deficiencies of pleading noted. Plaintiff's amended complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the amended complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

6. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use in amending.

**IT IS SO ORDERED**.

Dated: August 20, 2019

Hon. William Q. Hayes
United States District Court