8    UNITED STATES DISTRICT COURT

9    SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LEWIS,<br>CDCR #J-49028,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALAN KHAN,<br><br>                    Defendant. | Case No.: 3:19-cv-1254-WQH-AHG<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS AS DUPLICATIVE; AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT** |

## I.    Procedural History

On July 5, 2019, Brian Lewis ("Plaintiff"), an inmate currently incarcerated at Corcoran State Prison, filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.)   Plaintiff also filed two Motions to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 2, 4.)  Plaintiff claimed that his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2015.  (ECF No. 1 at 1.)

On August 20, 2019, Plaintiff was granted IFP status but the Court simultaneously dismissed his Complaint for failing to state a claim upon which § 1983 relief may be

granted and for raising duplicative claims pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b). (ECF No. 6 at 5-10.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading found in the Court's Order. (*Id.* at 10.) On October 10, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 7.)

## II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A.     Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's factual allegations[1]</u>

In 2015, Plaintiff was "housed at Richard J. Donovan Correctional Facility ("RJD")." (FAC at 3.) Defendant Khan is the "State Chaplain at RJD." (*Id.*) Khan was "appointed by Daniel Paramo, Warden of RJD, to be the staff head of the RJD Religious Meat Alternate Program ("RMA")." (*Id.*) In 2014, Plaintiff was "elected to the RJD Men's Advisory Council ("MAC"). (*Id.*)

Plaintiff alleges that in 2015, "RJD Facility A was experiencing food shortages in the culinary." (*Id.*) At the same time, "RJD MAC was receiving an abundance of complaints concerning the RJD RMA program." (*Id.*) Plaintiff claims that the "MAC executive body" determined that the "root of the food problems" was due to Khan purportedly "abdicat[ing] part of his duties as the RMA head to CDCR inmates." (*Id.*) Plaintiff alleges that Khan "was allowing inmates to add and delete inmates from the RMA." (*Id.*) The MAC chairman "sent a formal request to Warden Paramo to meet with the food manager concerning the RMA issues." (*Id.* at 4.)

On March 1, 2015, Plaintiff "wrote a 'formal complaint' concerning Khan's handling of the RMA program." (*Id.*) Plaintiff included in the complaint claims that "inmates were waiting for their RMA ID for over 90 days and that the RMA count was inconsistent with the amount of religious meats received into the Facility A kitchen/culinary." (*Id.*)

---

[1] Plaintiff's factual allegations are identical to the allegations set forth in his original Complaint.

On March 9, 2015, Plaintiff "reported to the RJD Facility A culinary to pick up his religious meal." (*Id.* at 5.) However, Plaintiff was "informed by the Food Service Supervisor that Khan had called to the culinary and said Plaintiff was to be removed from the list immediately." (*Id.*) Plaintiff "immediately filled out a CDCR Form 22 request for interview" seeking to find out "why he had been removed from the RMA list." (*Id.*) Two days later, Plaintiff "received a CDCR 3030-C Religious Diet Program Agreement Notice of Non Compliance from Khan." (*Id.*) Khan "removed Plaintiff from RMA for 6 months because Plaintiff had violated the terms of the contract that affords him a religious meal." (*Id.*) However, Plaintiff claims "he never violated the terms of the RMA agreement." (*Id.*)

Plaintiff filed a "staff complaint" against Khan due to this decision. (*Id.* at 5-6.) Plaintiff alleged that "Khan's allegations were false." (*Id.* at 6.) On May 2, 2015, R. Brown interviewed Plaintiff regarding his staff complaint and "told Plaintiff that Khan had removed Plaintiff from the RMA program without cause." (*Id.*) Brown "immediately" placed "Plaintiff back on the RMA list." (*Id.*)

Plaintiff seeks unspecified declaratory relief. (*Id.* at 9.)

C.   Statute of Limitations

In the Court's August 20, 2019 Order, the Court determined that the claims Plaintiff has raised in this action were barred by the applicable statute of limitations. (*See* ECF No. 6 at 8.) Moreover, the Court found that Plaintiff had "failed to plead any facts which, if proved, would support a plausible claim for equitable tolling." (*Id.* citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

However, Plaintiff may be entitled to additional tolling because the limitations period for prisoners is tolled while the "prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). Plaintiff claims that he exhausted his administrative grievances relating to the claims that arose in this action in July of 2015. (*See* FAC at 10.) While this matter is in the screening stage, these factual allegations are enough to survive the *sua sponte* screening process as it relates to any

4

3:19-cv-1254-WQH-AHG

statute of limitations concerns or the exhaustion requirement. However, this preliminary determination does not prevent the Defendant from raising either affirmative defense at a later stage.

### D. Dismissal of RLUIPA claims

The Court also found that to the extent Plaintiff was bringing claims pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), these claims were duplicative of an action that he had filed previously in *Lewis v. Cates, et al.*, S.D. Cal. Civ. No. 3:15-cv-00791 DMS (MDD) ("*Lewis I*"). (ECF No. 6 at 8.) However, in Plaintiff's FAC, he claims the current action only contains a "claim for retaliation." (FAC at 8.)

However, in both the original Complaint, as well as the FAC, Plaintiff indicates that he wishes to "assert jurisdiction" in this matter under the "Religious Land Use and Institutionalized Persons Act." (Compl. at 1; FAC at 1.) Plaintiff has not addressed in his FAC how those claims are different from the claims he raised in *Lewis I*. Accordingly, any claims brought under RLUIPA are DISMISSED as duplicative and without leave to amend.

### E. Remaining Retaliation claim

As for the remaining retaliation claim, the Court finds Plaintiff's FAC contains "sufficient factual matter, accepted as true," to state a First Amendment claim for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") Therefore, the Court will direct the U.S. Marshal to effect service of summons and

5

3:19-cv-1254-WQH-AHG

statute of limitations concerns or the exhaustion requirement. However, this preliminary determination does not prevent the Defendant from raising either affirmative defense at a later stage.

### D. Dismissal of RLUIPA claims

The Court also found that to the extent Plaintiff was bringing claims pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), these claims were duplicative of an action that he had filed previously in *Lewis v. Cates, et al.*, S.D. Cal. Civ. No. 3:15-cv-00791 DMS (MDD) ("*Lewis I*"). (ECF No. 6 at 8.) However, in Plaintiff's FAC, he claims the current action only contains a "claim for retaliation." (FAC at 8.)

However, in both the original Complaint, as well as the FAC, Plaintiff indicates that he wishes to "assert jurisdiction" in this matter under the "Religious Land Use and Institutionalized Persons Act." (Compl. at 1; FAC at 1.) Plaintiff has not addressed in his FAC how those claims are different from the claims he raised in *Lewis I*. Accordingly, any claims brought under RLUIPA are DISMISSED as duplicative and without leave to amend.

### E. Remaining Retaliation claim

As for the remaining retaliation claim, the Court finds Plaintiff's FAC contains "sufficient factual matter, accepted as true," to state a First Amendment claim for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.") Therefore, the Court will direct the U.S. Marshal to effect service of summons and

Plaintiff's Complaint upon Defendants on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** Plaintiff's RLUIPA claims as duplicative and without leave to amend pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 7) and forward it to Plaintiff counsel along with a blank U.S. Marshal Form 285 for Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the August 20, 2019 Order granting IFP status, certified copies of his FAC, and the summons so that he may serve Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

3. **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendant as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant, once he has been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made

| | |
|---|---|
| 1 | a preliminary determination based on the face on the pleading alone that Plaintiff has a |
| 2 | "reasonable opportunity to prevail on the merits," the Defendant is required to respond). |
| 3 | 5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to |
| 4 | serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's |
| 5 | counsel, a copy of every further pleading, motion, or other document submitted for the |
| 6 | Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every |
| 7 | original document he seeks to file with the Clerk, a certificate stating the manner in |
| 8 | which a true and correct copy of that document has been was served on Defendants or |
| 9 | their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document |
| 10 | received by the Court which has not been properly filed with the Clerk or which fails to |
| 11 | include a Certificate of Service upon the Defendant, or his counsel, may be disregarded. |

**IT IS SO ORDERED**.

Dated: October 30, 2019

*[signature]*
Hon. William Q. Hayes
United States District Court